IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | § | BK. CASE NO. 03-43797 |
| SYED M. TARIQ § | § | |
| Debtor § | § | |

| | | |
|---|---|---|
| ERICSSON INC. § | § | ADVERSARY CASE NO. 04-04060 |
| Plaintiff § | § | |
| vs. § | § | |
| SYED M. TARIQ § | § | |
| Defendant. § | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CAME ON TO BE CONSIDERED the Trial of this case and after consideration of the evidence offered and received, the pleadings in this case, and the argument of counsel, this Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On December 16, 2002 a judgment was entered against Syed Tariq in favor of Ericsson Inc. in the case styled *Ericsson, Inc. v. ITUSA, Inc., Syed M. Tariq, et al.*, cause number 01-9605 in the 160th Judicial District Court of Dallas County, Texas (hereafter, the "Lawsuit") in the amount of $1,217,705.73.

2. In the years 2000 and 2001, Syed Tariq was working as a subcontractor for Ericsson, Inc.

3. While working as a subcontractor for Ericsson Inc., Defendant Syed Tariq ("Tariq") made numerous representations of fact to Ericsson Inc. with the intention that they be relied upon by Ericsson Inc. ("Ericsson").

4. Tariq represented to Ericsson on numerous occasions that work had been done on Ericsson's behalf, wherein fact no such work had been done. At the time Tariq made these representations, Tariq knew that the representations were false, but intended that they be relied upon by Ericsson nonetheless. Tariq made these representations with the intention of having Ericsson pay money to Tariq that Ericsson did not in fact owe Tariq.

5. Tariq represented to Ericsson on numerous occasions that expenses had been incurred while Tariq was working for Ericsson and for which Ericsson should reimburse Tariq. At the time Tariq made these representations, Tariq knew that the representations were false, but intended

1

that they be relied upon by Ericsson nonetheless. Tariq made these representations with the intention of having Ericsson pay money to Tariq that Ericsson did not in fact owe Tariq.

6. As a result of the misrepresentations by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $32,308.82 for car rental expenses which were not actually owed by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

7. As a further result of the misrepresentations by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $226,231.50 for car rental insurance which was not actually owed by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

8. As a further result of the misrepresentations by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $202,835.25 as pay for Tariq's employees which was not actually owned by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

9. As a further result of the misrepresentation by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $178,655.00 for air fares which were not actually owned by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

10. As a further result of the misrepresentation by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $13,325.00 for cellular phones and $12,130.91 for cellular phone service which was not actually owed by Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

11. As a further result of the misrepresentations by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $91,000 for per diem expenses which were not actually owed by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

12. As a further result of the misrepresentations by Tariq, and based on invoices sent by Tariq to Ericsson, Ericsson paid Tariq $66,782.24 for automobile fuel which was not actually owed by Ericsson. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

13. The total amount of fund which were paid by Ericsson to Tariq, based on false and fraudulent invoices sent by Tariq to Ericsson with the intention that they be relied on by Ericsson, is $1,117,707.73. Ericsson paid these charges after Tariq billed Ericsson for them, and Tariq did not have Ericsson's permission to bill these charges or receive compensation for them.

14. In order to recover the funds which it had been misled into paying Tariq, Ericsson filed with lawsuit stayled *Ericsson, Inc. v. ITUSA, Inc., Syed M. Tariq, et al.*, cause number 01-9605 in

2

the 160th Judicial District Court of Dallas County, Texas (hereafter the "Lawsuit"), against Tariq. This lawsuit included allegations of fraud by Ericsson against Tariq.

15. In order to settle the Lawsuit brought by Ericsson against Tariq, Tariq voluntarily signed a judgment against hi for the sum of $1,217,705.73, together with interest at the rate of 10% until paid, in the lawsuit styled *Ericsson, Inc. v. ITUSA, Inc., Syed M. Tariq, et al.*, cause number 01-9605 in the 160th Judicial District Court of Dallas County, Texas (hereafter, the "Judgment"). Tariq has made no payments to Ericsson of the amount he owes to Ericsson pursuant to this Judgment.

16. Based on the Judgment signed by Tariq, Ericsson filed a proof of claim in Tariq's bankruptcy proceeding in the amount of $1,369,924.52, which is the amount of the judgment ($1,217,705.73) plus $179,218.79 in interest at the rate of ten percent annually.

17. The Judgment against Tariq in the sum of $1,217,705.73 was based on fraud perpetrated by Tariq against Ericsson, and that fraud damaged Ericsson in the amount of $1,217,705.73.

18. The Judgment against Tariq in the sum of $1,217,705.73 was based on fraud perpetrated by Tariq against Ericsson, an that fraud damaged Ericsson in the amount of $1,217,705.73.

19. On or about November 3, 2004, Syed Tariq was indicted for nine counts of mail fraud, violations of 18 U.S.C. §1341, in the case styled *United States of America v. Syed M. Tariq*, cause no. 3-04-CR333-K in the United States District Court for the Northern District of Texas (hereafter, the "Indictment").

20. The Indictment against Tariq was based on this scheme to defraud Ericsson. The Indictment alleges that Tariq "did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from other by means of materially false and fraudulent material pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises would be false and were false, fraudulent and misleading when made."

21. The Indictment further alleges that Tariq created a shell company to bill for false and fraudulent car rental expenses; caused false and fraudulent airline travel itineraries to be created; caused false and fictitious invoices to be created, reflecting car rental and other travel expenses purported to have been incurred by employees of Tariq's company; caused false and fraudulent invoices claiming reimbursement to be sent to Tariq's company known to the Grand Jury; caused reimbursement checks to be sent to Tariq's company; and Tariq took these funds for his own use.

22. All of the fraudulent conduct described in the Indictment was perpetrated by Tariq against Ericsson. When the Indictment refers to "a company known to the Grand Jury," the Indictment is referring to Ericsson.

23. On or about December 20, 2004, the Elements of the crime alleged against Tariq were filed in the criminal proceeding against Tariq, cause No. 3-04-CR333-K, along with the Factual Resume against Tariq. The Factual Resume states that "from May 22, 2000 through March 12, 2001, the defendant, Syed M. Tariq (Tariq) devised and executed a scheme to defraud and

3

for obtaining money from Ericsson Inc. (Ericsson) by means of materially false representation. It was part of the scheme that Tariq created and used a shall company to bill for false rental car expenses, caused false airline travel itineraries to be created, caused false invoices to be created, reflecting travel expenses purported to have been incurred by employees of his company. He submitted invoices and claims for reimbursement to Ericsson by U.S. Mail, caused checks to be sent to his company, International Transportation USA (ITUSA), and took the funds for his own use."

24. On or about December 20, 2004, Tariq entered into a Plea Agreement in the case styled *United States of America v. Syed M. Tariq*, cause no. 3-04-CR333-K in the United States District Court for the Northern District of Texas. In the Plea Agreement, Tariq pleaded guilty to one count of mail fraud.

25. The conduct alleged against Tariq in the Indictment (filed November 3, 2004) and in the Elements of Crime/Factual Resume (filed on December 20, 2004), and which resulted in Tariq's Plea Agreement, is the same fraudulent conduct by Tariq which resulted in the judgment against him in the amount of $1,217,705.73, together with interest at the rate of 10% until paid, in the lawsuit styled *Ericsson, Inc. v. ITUSA, Inc., Syed M. Tariq, et al.*, cause number 01-9605 in the 160th Judicial District Court of Dallas County, Texas.

## Conclusions of Law

1. Tariq's debt to Ericsson in the amount of $1,369,924.52, which is based on the Judgment against Tariq in the amount of $1,217,705.73, is not dischargeable in bankruptcy pursuant to Section 532(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §523 et seq., because it is a debt for money which was obtained by actual fraud, false pretenses, and false presentations.

2. Tariq's debt to Ericsson in the amount of $1,369,924.52, which is based on the Judgment against Tariq in the amount of $1,217,705.73, is not dischargeable in bankruptcy pursuant to Section 532(a)(4) of the Bankruptcy Code, 11 U.S.C. §523 et seq., because it is a debt for money which was obtained by embezzlement and larceny.

3. Items identified in the Findings of Fact may be construed to become conclusions of law and are adopted as such, items identified as Conclusions of Law may be construed to be findings of fact and are adopted as such as well.

4. The Court reserves the right to make any additional findings and conclusion as necessary or as may be requested by any party.

Signed on 7/11/2005

_Brenda T. Rhoades_  MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

4